IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JANNE TUOMAS KYTTANEN, | Case No. 6:26-cr-00528-MC |
| Petitioner, | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| v. | |
| LAURA ELIZABETH KYTTANEN, | |
| Respondent. | |

MCSHANE, Judge:

Petitioner Janne Tuomas Kyttanen brings this action under the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001–11, against Respondent Laura Elizabeth Kyttanen. Pet., ECF No. 1. While the case was pending, the Court issued a Temporary Restraining Order (ECF No. 6) and Parenting Plan (ECF No. 11) governing the custody of the children. On April 28, 2026, the Court held a hearing on the merits of the Petition. Respondent did not appear.

Based on the record, the Petition (ECF No. 1) is GRANTED.

## **FINDINGS OF FACT**

The Court makes the following findings of fact based on the record in this case.

1 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner was born in Finland and has permanent residency in The Netherlands. Respondent is a citizen of the United States and has permanent residency in The Netherlands. Petitioner and Respondent were married in October 2015. The parties have two minor children: ATK, age 9, was born in 2016 in the United States, and REK, age 6, was born in 2019, in the United States.[1] ATK and REK are dual citizens of Finland and the United States. Since April 2020, the children have resided in The Netherlands. At that time, REK was 11 months old, and REK was three years old. They speak Dutch. They were involved in daycare and then school in The Netherlands. They remain enrolled in school in The Netherlands despite their absence. They have doctors and dentists in The Netherlands. They have family and friends in The Netherlands. Their life, as they have known it for most of their lives, has been centered in The Netherlands.

Petitioner and Respondent divorced in or around June 2025. The Netherlands divorce court adjudicating the parties' divorce ordered that the parties would retain 50-50 custody of the children. A parenting plan was adopted reflecting the divorce court's custody determination, which set a schedule for each parent's time with each child and provided that the children were to remain in The Netherlands absent a mutual agreement of the parents.

Respondent took the Children from the Netherlands to the United States on March 11, 2026, and brought them to Bend, Oregon. Petitioner did not consent to Respondent removing the children from The Netherlands. At the time, Petitioner was involved in his children's day-to-day lives, was making decisions for them, was caring for them, and was providing a home for them.

**CONCLUSIONS OF LAW**

Adopted on October 25, 1980, the Hague Convention on the Civil Aspects of International Child Abduction, 19 I.L.M. 1501, is an international treaty establishing procedures

---

[1] As ATK and REK are minors, they are identified only by initials.

2 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

for "the prompt return of children wrongfully removed or retained in any Contracting State." Convention, Art. 1(a), 19 I.L.M. at 1501. Congress enacted the International Child Abduction Remedies Act, 24 U.S.C. §§ 11601-11610 to implement the Convention. 24 U.S.C. § 11601(b). The Netherlands and the United States are both signatories to the Convention.

The Convention aims to discourage forum shopping in international custody disputes. *Holder v. Holder*, 392 F.3d 1009, 1013 (9th Cir. 2004). The role of the court applying the Convention is solely to determine the rights available under the Convention, as opposed to the merits of the underlying child custody claim. *Id.* at 1013–14; § 11601(b)(4). In other words, the court does not "determine whether a child is happy where it currently is, but whether one parent is seeking unilaterally to alter the status quo with regard to the primary locus of the child's life." *Mozes v. Mozes*, 239 F.3d 1067, 1079 (9th Cir. 2001).

The Convention only requires the return of a child whose removal or retention was "wrongful":

> The removal or the retention is to be considered wrongful where –
> a) it is in breach of rights of custody attributed to a person . . . under the law of the state in which the child was habitually resident immediately before the removal or retention; and
> b) at the time of removal or retention those rights were actually exercised, . . . or would have been so exercised but for the removal or retention.

Convention, Art. 3, 19 I.L.M. at 1501; *see also Abbott v. Abbott*, 560 U.S. 1, 9 (2010).

In determining whether the removal or retention was "wrongful" under the Convention, courts answer four questions:

> (1) When did the removal or retention at issue take place? (2) Immediately prior to the removal or retention, in which state was the child habitually resident? (3) Did the removal or retention breach the rights of custody attributed to the petitioner under the law of the habitual residence? (4) Was the petitioner exercising those rights at the time of the removal or retention?

3 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

*Mozes*, 239 F.3d at 1070; *see also Monasky v. Taglieri*, 589 U.S. 68, 84 (2020) (explaining a court must "answer a factual question: Was the child at home in the particular country at issue?"). The petitioner must establish that the removal or retention was "wrongful" by a preponderance of the evidence. § 11603(e)(1)(A).

Petitioner has established a prima facie case for return of the children to The Netherlands. First, Respondent removed and retained the children on March 11, 2026. Immediately prior to their removal from The Netherlands, based on the facts recited above, the habitual place of residence of the children was The Netherlands. Petitioner did not consent to Respondent's unilateral decision to remove the children from The Netherlands for an indefinite time, plainly violating Petitioner's custody rights as defined by the parties' parenting plan. Finally, Petitioner was actively exercising his custody rights up until and during when Respondent removed and retained the children.

There are exceptions when the Court need not order return of a child. *See Gaudin v. Remis*, 415 F.3d 1028, 1034–37 (9th Cir. 2005). However, Respondent did not raise any affirmative defense in colorable terms in any communication with the Court and did not appear at the hearing despite the Court's indication it would allow Respondent to raise any argument or evidence in support of her position at that time. ECF No. 17.

## CONCLUSION

Because Respondent removed the children, ATK and REK, from their habitual place of residence of The Netherlands in violation of Petitioner's custody rights, the Petition (ECF No. 1) is GRANTED. The children shall be returned to The Netherlands.

Further, the Court holds Respondent Laura Elizabeth Kyttanen in contempt of this Court for failure to deliver her children to the Court for the hearing scheduled for 10:00 a.m. on

4 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

April 28, 2026, in violation of the Court's orders. The Court will issue a warrant for Respondent Laura Elizabeth Kyttanen's arrest for willfully violating the Court's order to appear with the children. The children's passports held by the Clerk's Office shall be returned to the Petitioner by the US Marshals Service. Respondent's passport shall not be released at this time.

IT IS SO ORDERED.

DATED this 28th day of April, 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge