IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JANNE TUOMAS KYTTANEN,                                Case No. 6:26-cv-00528-MC

      Petitioner,                                                  ORDER

    v.

LAURA ELIZABETH KYTTANEN,

      Respondent.

_____

MCSHANE, Judge:

Petitioner Janne Tuomas Kyttanen filed a Motion for Attorney Fees (Mot., ECF No. 39) with supporting Memorandum (Mem., ECF No. 40) and Declaration (Skinner Decl., ECF No. 41). As explained below, the Court GRANTS Petitioner's Motion for Attorney Fees and Costs and awards Petitioner attorney fees in the amount of $52,479.45 and costs in the amount of $18,792.72.

**BACKGROUND**

On March 18, 2026, Petitioner Janne Tuomas Kyttanen filed a Petition for Return of Child to Habitual Residence in which he sought the return of his two minor children to The Netherlands pursuant to the Hague Convention on the Civil Aspects of Child Abduction and the International Child Abductions Remedies Act ("ICARA"). Pet., ECF No. 1. While the case was pending, the Court issued a Temporary Restraining Order (ECF No. 6) and Parenting Plan (ECF No. 11) governing the custody of the children. On April 28, 2026, the Court held a hearing on the merits

1 – Order

of the Petition. Respondent Laura Elizabeth Kyttanen did not appear. The Court granted the Petition and held Respondent in contempt of the Court. ECF No. 29, 30. The Court issued a Warrant for Respondent. ECF No. 32. Upon securing transfer of the children to Petitioner, the Court dismissed contempt proceedings and withdrew its warrant against Respondent. ECF No. 35. The Court thereafter entered Judgment for Petitioner. ECF No. 37.

## DISCUSSION

### I.    Attorney Fees

Federal Rule of Civil Procedure 54(d)(2)(A) provides a "claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." ICARA, which implements the United States' obligations under the Hague Convention, provides that "[a]ny court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs [and] legal fees . . . unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). There is therefore a presumption in favor of an award for fees and other expenses unless the Respondent establishes that such order would be clearly inappropriate. *See Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010).

A fee award is appropriate here. Respondent did not file a response to Petitioner's Motion and did not present any argument establishing that Petitioner is not clearly entitled to fees. This case fell squarely "within the heartland of the Hague Convention" and the Court is not aware of circumstances in which a fee award would interfere with Respondent's ability to care for the children. See *Cuellar*, 603 F.3d at 1143; *Harvey v. Means*, 2024 WL 4144155, at *2 (W.D. Wash. Sept. 11, 2024).

2 – Order

Having determined that Petitioner is entitled to recover fees, the Court must determine whether the fees requested are reasonable. The Supreme Court has declared "the lodestar approach" is "the guiding light" in determining a reasonable fee under federal fee-shifting statutes such as the ICARA. *Perdue v. Kenny A.*, 559 U.S. 542, 552–52 (2010); *Stovall v. Gallegos*, 2016 WL 1644897, at *6 (D. Or. Apr. 26, 2016). Under the lodestar approach, the Court calculates the "lodestar" fee award by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (as amended). A "prevailing plaintiff must . . . submit evidence supporting the award." *Machowski v. 333 N. Placentia Prop., LLC*, 38 F.4th 837, 841 (9th Cir. 2022) (citing *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

Respondent did not file an objection to Petitioner's requested attorney fees. The Court, however, has an independent duty to review the requested fees for reasonableness.

A. **Reasonable Rate**

When deciding the reasonable hourly rate, the court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The "relevant community" for purposes of determining the prevailing market rate is the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "'[T]he burden is on the fee applicant to produce satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Eberly-Sherman v. Dep't of Army/NAF*, 471 F. App'x 629, 630 (9th Cir. 2012) (quoting

3 – Order

*Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009)). Courts of the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates. D. Or. L.R. 54-3(a)); *see Mondragon Martinez v. Contreras*, 2024 WL 4528208, at *4–5 (D. Or. Oct. 17, 2024). The most recent OSB Economic Survey was published in 2022. Skinner Decl. Ex. 2, ECF No. 41-2.[1]

Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors. Courts may also consider "the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). The fees need not have been billed to the client to count towards the attorney fee award. *See Cuellar*, 603 F.3d at 1143.

### 1. Attorney Katelyn Skinner

Petitioner seeks attorney fees for Skinner at a rate of $675 per hour. Skinner has been a member of the Oregon State Bar for 16 years. Skinner is an equity shareholder at Buckley Law, P.C., and one of a select few attorneys in Oregon who handle Hague Convention cases. Skinner's fee request is supported by Skinner's Declaration. According to the 2022 OSB Economic Survey, the median hourly rate for Portland attorneys with 16 years of experience is $425 and 95th percentile hourly rate is $683. Based on the fee distribution, Skinner's specialization, and accounting for inflation, the Court finds Skinner's requested rate is reasonable.

### 2. Attorney Katrina Seipel

Petitioner seeks attorney fees for Seipel at a rate of $560 per hour. Seipel has been a member of the Oregon State Bar for ten years. Seipel is an associate at Buckley Law, P.C.; was a

---

[1] The OSB Economic Survey is available at
https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

4 – Order

public defender at Metropolitan Public Defender, Inc., prior to 2022, where she tried approximately 80 misdemeanors, minor felony, and major felony jury trials; and since 2022 has practiced solely state and international family law and Hague Convention matters. Along with Skinner, Seipel is one of the few attorneys in Oregon who handle Hague Convention cases. According to the 2022 OSB Economic Survey, the median hourly rate for Portland attorneys with ten years of experience is $370 and 95th percentile hourly rate is $567. Based on the fee distribution, Seipel's specialization, and accounting for inflation, the Court finds Seipel's requested rate is reasonable.

### 3. **Attorneys Molly Becker, Erin Martinek, Gregory Wallace, and Alyssa Van Leuven**

Petitioner provides less detail concerning the fees attributed to Attorneys Becker, Martinek, Wallace, and Van Leuven. Nevertheless, the OSB Survey reflects that plaintiff attorneys engaged in civil litigation in Portland (non-personal injury) report median hourly rates of $410. Accordingly, Petitioner's request for attorney fees for Becker at a rate of $415 per hour, Martinek at a rate of $400 per hour, Wallace at a rate of $350 per hour, and Van Leuven at a rate of $330 per hour appear reasonable.

### 4. **Paralegals**

Petitioner requests fees for paralegals Wendy Goodyear, at a rate of $315 per hour, and Claire Russo, at a rate of $235 per hour. Petitioner does not provide information regarding the paralegals' experience, degrees, or certificates nor does Petitioner cite any report supporting the proposed rates.

This Court has relied on the 2022 National Utilization and Compensation Survey Report published by NALA: The Paralegal Association to determine the reasonable hourly billable rate for paralegals. *Mondragon Martinez*, 2024 WL 4528208, at *5. The NALA Survey Report states

5 – Order

the average hourly billing rate in 2022 was $122 for paralegals in the Far West Region (which includes Oregon) and $136 for paralegals in firms of more than 46 employees. The Report also further clarifies that 21 percent of all paralegals bill between $151 and $200 per hour.

Accounting for inflation, the Court concludes an hourly rate of $200 at the high end of the range it has previously applied is reasonable for the paralegals on this matter.

### 5. Legal Assistant

Petitioner requests fees for legal assistant Anthony Johnson at the rate of $225 per hour. Petitioner does not provide information regarding Johnson's experience, degrees, or certificates, nor does Petitioner cite any report supporting that rate. When courts in this district have awarded fees for work done by legal assistants, they have awarded those fees at rates well below the rate requested here. *Mondragon Martinez*, 2024 WL 4528208, at *5 (collecting cases awarding no more than a rate of $90 per hour for legal assistant).

The Court will proceed with a reasonable rate of $90 per hour for Johnson.

### B. Hours Reasonably Expended

Petitioner must demonstrate the number of hours spent on the case was reasonably necessary for the litigation. *See Frank Music Corp. v. Metro–Goldwyn–Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)

### 1. Attorney Hours

Petitioner seeks compensation for 33.1 hours of work performed by Skinner, 24.2 hours of work performed by Seipel, 9.0 hours of work performed by Becker, 4.9 hours of work performed by Martinek, 17.0 hours of work performed by Wallace, and 8.8 hours of work performed by Van Leuven. Petitioner's request for hours includes 2.2 hours by Seipel related to a Motion in Limine requesting sanctions against Respondent (ECF No. 16). The Court deemed this request

6 – Order

inappropriate, promptly disposing of it in a minute order (ECF No. 17), and Petitioner's request for fees associated with this spurious motion shall not be honored. Aside from these hours, the Court concludes that the number of hours spent by Skinner and Seipel is reasonable. This case went to trial on a condensed schedule to comply with the Hague Convention. In addition, the proceedings were complicated by difficulties Petitioner and the Court encountered in securing Respondent's cooperation in the case prior to trial, and following trial at which Respondent did not appear with the children as ordered by the Court.

### 2. Paralegal and Legal Assistant Hours

Petitioner seeks compensation for 36.9 total hours of work performed by paralegals and 21.1 hours of work performed by a legal assistant. Petitioner's request includes 0.9 hours related to preparing the Motion in Limine (ECF No. 16) addressed above that shall be excluded. Otherwise, the Court concludes the number of hours spent by paralegals and the legal assistant are reasonable. This time involved document searching, preparation, compilation, and review; revising and editing documents; and appropriate client communications.

### C. Calculation

The Court accordingly awards fees as follows:

| | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Attorney Katelyn Skinner | $675 | 33.1 | $22,342.50 |
| Attorney Katrina Seipel | $560 | 22.0 | $12,320.00 |
| Attorney Molly Becker | $415 | 9.0 | $3,735.00 |
| Attorney Erin Martinek | $400 | 4.9 | $1,960.00 |
| Attorney Gregory Wallace | $350 | 17.0 | $5,950.00 |
| Attorney Alyssa Van Leuven | $330 | 8.8 | $2,904.00 |
| Paralegals | $200 | 36.0 | $7,200.00 |
| Legal Assistant | $90 | 21.1 | $1,899.00 |
| | | Total Fees: | $58,310.50 |

Applying a 10% haircut leads to a total fee award of $52,479.45. *Moreno*, 534 F.3d at 1116.

7 – Order

## II.    Costs

Petitioner requests $29,611.82 in costs. Skinner Decl. 14. Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This rule creates a presumption in favor of awarding costs to a prevailing party and "the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). 28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Rule 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The Court must limit an award of costs to those costs defined in Section 1920 unless otherwise provided for by statute. *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 339 (2019). Relevant here, ICARA adds "foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). The Court has discretion to refuse to award costs, but it must provide specific reasons for doing so. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000)).

8 – Order

Consistent with other filings, Respondent did not respond to Petitioner's request for costs. Accordingly, Petitioner's request for the filing fee, fees for service, copying costs, counsel's transportation, and relevant experts are recoverable under 28 U.S.C. § 1920 or pursuant to 22 U.S.C. § 9007(b)(3). *See Cuellar*, 603 F.3d at 1143–44.

Petitioner also requests costs arising from his travel to and from the District of Oregon, and lodging costs for him and the children subject to the Court's Parenting Plan during the pendency of the case. These plainly fall under 22 U.S.C. § 9007(b)(3). But Petitioner also seeks costs for hiring a private investigator ($819.10) without offering support for this expense aside from gesturing to the nature of Hauge Convention cases. Accordingly, the cost for a private investigator is excluded. *See, e.g.*, *Rath v. Marcoski*, 2018 WL 446651, at *3 (M.D. Fla. Jan. 17, 2018), *aff'd*, 898 F.3d 1306 (11th Cir. 2018). Likewise, an expense of $10,000.00 for an "Expert Witness Fee" is not a reasonably necessary cost in this case. The expert, "Dr. Landon Poppleton," is referenced only in Petitioner's filings as a witness that Petitioner "May Call" for an estimated one hour of "remote testimony," did not testify, did not produce any report submitted to the Court, and for whom the attorneys' timesheet reflects negligible substantive involvement in the case. ECF No. 19 (Petitioner's Potential Witness List); *see also* ECF No. 27 (Petitioner's Amended Exhibit List); ECF No. 33 (Clerk's List of Exhibits & Witnesses).

With the above deductions, Petitioner may recover $18,792.72 in costs.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion for Attorney Fees (ECF No. 39) is GRANTED. The Court awards Petitioner attorney fees in the amount of $52,479.45 and costs in the amount of $18,792.72.

9 – Order

IT IS SO ORDERED.

DATED this 11th day of June, 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

10 – Order